## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BAMISH J. PETERSON,

      Petitioner,

      v.                            Case No. 15-3205-SAC-DJW

STATE OF KANSAS, et al.,

      Respondents.

## MEMORANDUM AND ORDER

This matter is before the Court on a Petition for a Writ of Habeas Corpus (Doc. 4),[1] seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.  The State of Kansas has filed an Answer and Return (Doc. 17).  The matter is ripe, and the Court is prepared to rule.  The Petition is denied because Petitioner Bamish Peterson's claims are time-barred.  Even if the claims were timely, Petitioner's claims must be dismissed under the doctrine of procedural default.

### I.     Procedural History

On January 3, 2003, Petitioner Bamish Peterson was charged with two counts of rape, one count of aggravated sodomy, one count of aggravated robbery and one count of aggravated burglary in the District Court of Sedgwick County, Kansas.  Peterson waived his right to a preliminary hearing and the case was set for trial.  On April 16, 2003, Peterson pled "no contest" to amended charges: three counts of aggravated sexual battery, one count of robbery, and one count of aggravated burglary.  As part of the plea agreement, the parties agreed to recommend to the court a total controlling sentence of 240 months.  Peterson acknowledged that the trial court

---

[1]Peterson's original petition and memorandum in support, Docs. 1–2, filed on August 27, 2015, were deemed deficient for failure to use court approved forms.  Petitioner filed his compliant petition on September 14, 2015.  Doc. 4.

had discretion to order concurrent or consecutive sentences, and that the trial court was not bound to agree or accept any recommendation by either party.  At the plea hearing, Peterson stated that he read the plea acknowledgement form, he understood it, he understood the consequences of the plea and the rights he was giving up.

At Peterson's May 19, 2003 sentencing hearing, the trial court asked both parties whether Peterson could be classified as a persistent sexual offender under K.S.A. § 21-4704(j) based on his prior conviction for indecent liberties with a child.[2]  The persistent sexual offender statute applicable at that time required the trial court to double the maximum sentence of any offender that qualified under the statute.[3]  Peterson's attorney stated she had not specifically researched it, but agreed that the persistent sexual offender statute may apply.  The trial court found Peterson to be a persistent sex offender, but gave Peterson and his attorney an opportunity to discuss the issue and review the statute.  After consulting with his attorney, Peterson agreed to move forward with the sentencing.  The court sentenced Peterson to 256 months in prison, double the maximum sentence of 128 months, as required by the persistent sexual offender statute.[4]  Peterson asked the judge to find manifest injustice, so his sentence for a previous conviction would run concurrently with his sentence in this case.  The judge denied Peterson's request and ordered the sentence to run consecutive to Peterson's previous sentences.

Peterson filed a direct appeal, arguing that the trial court abused its discretion by failing to find manifest injustice in running his sentences consecutively.  Peterson also claimed the doubling of his sentence under the persistent sexual offender statute was an illegal upward

---

[2]K.S.A. § 21-4704(j) (repealed 2011).

[3]*Id.*

[4]Because the previous conviction was used to trigger the statute, it was removed from Peterson's criminal history score, thus revising down his maximum sentence to 128 months. *See Kansas v. Zabrinas*, 24 P.3d 77 (2001) (stating that a conviction used to find a defendant is a persistent drug offender cannot also be used to calculate criminal history score).

departure under *Apprendi v. New Jersey*.[5]  The Kansas Court of Appeals affirmed Peterson's sentence on April 2, 2004; on May 26, 2004, the Kansas Supreme Court denied review.[6]

On November 22, 2004, Peterson filed a pro se motion to correct illegal sentence, rearguing the *Apprendi* claim.  The district court held a hearing on December 8, 2004, and denied the motion.  On April 14, 2006, the Kansas Court of Appeals affirmed the district court's denial of the motion to correct sentence; the Kansas Supreme Court denied review on September 19, 2006.[7]

On October 16, 2007, Peterson filed a motion for post-conviction relief under K.S.A. § 60-1507 in the District Court of Sedgwick County, Kansas.  In this petition, Peterson argued that his lawyer gave him ineffective counsel with respect to waiver of the preliminary hearing and the plea agreement.  Peterson claimed that his attorney told him his maximum sentence was 240 months and that he did not understand that this sentence could run consecutive to his 52-month prior sentence.  After a nonevidentiary hearing held on November 30, 2007, the trial court found that Peterson was aware of the maximum penalty and was also aware that the trial court could impose any sentence allowed by law.  The trial court also stated that Peterson did not receive ineffective assistance of counsel in waiving his preliminary hearing.

On appeal, the Kansas Court of Appeals reversed and remanded for an evidentiary hearing to determine whether Peterson and his attorney discussed the implications of the persistent sexual offender classification because there was no record that Peterson understood that the persistent sexual offender statute required substantial and compelling reasons to depart

---

[5]530 U.S. 466 (2000).

[6]*Kansas v. Peterson*, No. 90,754, 2004 WL 720124 (Kan. Ct. App. Apr. 2, 2004).

[7]*Kansas v. Peterson*, No. 93,777, 2006 WL 995368 (Kan. Ct. App. Apr. 14, 2006).

from the mandatory doubling of the maximum sentence.[8]  On remand, the trial court held a

hearing on December 9, 2010, and informed Peterson that if he decided to move forward with his

habeas petition and the plea is set aside, he may end up with a greater sentence if found guilty at

trial on the original charges.  Peterson discussed the possibility of a greater sentence with his

attorney and agreed to dismiss the petition with prejudice.  Thus, on January 25, 2011, the

district court entered an order dismissing Peterson's K.S.A. § 60-1507 motion.  The Order states

that "Movant advised this court that he is making a knowing, intelligent and voluntary decision

to dismiss his 1507," and dismissed the motion with prejudice.[9]

On April 24, 2012, Peterson filed another habeas petition under K.S.A. § 60-1507 in the

District Court of Sedgwick County, Kansas.  This time, Peterson claimed that the trial judge

incorrectly advised him that he could possibly face more time if his prior habeas petition was

granted, causing him to dismiss his prior petition.  The district court denied the motion on

August 31, 2012, because Peterson failed to show manifest injustice or exceptional circumstance

that would entitle him to file a second or successive habeas petition.[10]  On November 8, 2013,

the Kansas Court of Appeals affirmed the district court's judgment on the same grounds, as well

as on the untimeliness of his claims.[11]   The Kansas Supreme Court denied review on August 14,

2014.

Peterson filed his federal habeas petition in this Court on August 27, 2015.[12]  He asserts

three grounds for relief: (1) ineffective assistance of counsel for failing to advise him not to

waive the preliminary hearing, and for failing to advise him of the potential for a double sentence

---

[8]*Peterson v. Kansas*, No. 101,217, 2010 WL 1078424 (Kan. Ct. App. Mar. 19, 2010).

[9]Doc. 17-1.

[10]*See* K.S.A. § 60-1507(c); *Wimbley v. Kansas*, 275 P.3d 35, 41–42 (Kan. 2011).

[11]No. 108,848, 2013 WL 5975998 (Kan. Ct. App. Nov. 8, 2013).

[12]Doc. 1.

on the primary charge of aggravated sexual battery; (2) denial of his Fourteenth Amendment right to due process when the district court failed to grant him an evidentiary hearing on his claim of "ineffective assistance in regards to counsel's failure to conduct a competent pre-trial investigation"; and (3) denial of his Sixth Amendment right to a fair hearing when he was advised by counsel to plead no contest without informing him of the correct maximum sentence under the persistent sexual offender statute.  The State responds that Peterson's claims are time barred under 28 U.S.C. § 2244(d), and that Peterson procedurally defaulted on his claims by either voluntarily dismissing them in state court, or by failing to raise them when he had the opportunity.

## II.   Standards

The Court reviews petitioner's challenges to state court proceedings pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA").[13]  The AEDPA requires that federal courts give "significant deference to state court decisions" adjudicated on the merits.[14]  Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the petitioner establishes the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[15]

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court has "done on a set of materially indistinguishable facts" or "if the state court applies a rule different from the governing law" set

---

[13]*Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013).

[14]*See id.*

[15]*Williams v. Trammel*, 782 F.3d 1184, 1191 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

forth in Supreme Court cases.[16]  A decision is an "unreasonable application" of clearly established federal law if a "state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of [a petitioner's] case."[17]  Additionally, "an unreasonable application may occur if [a] state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply."[18]  Courts employ an objective standard in determining what is unreasonable.[19]

A federal court must presume the state court's factual findings, including credibility findings, are correct in the absence of clear and convincing evidence to the contrary.[20]  The law "stops just 'short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'"[21]  Courts may not issue a writ of habeas corpus if "'fairminded jurists could disagree' on the correctness of the state court's decision."[22]  Even when a petitioner has a strong case for relief, this "does not mean that the state court's contrary conclusion was unreasonable."[23]

Because Peterson proceeds pro se, the Court must construe his pleadings liberally and apply a less stringent standard than what is applicable to attorneys.[24]  However, the Court may

---

[16]*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

[17]*Id.* (citing *Williams*, 529 U.S. at 407–08).

[18]*House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

[19]*Bell*, 535 U.S.at 694 (2002) (citing *Williams*, 529 U.S. at 409–10).

[20]28 U.S.C. § 2254(e)(1).

[21]*Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

[22]*Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[23]*Id.* at 102.

[24]*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[25]   The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[26]

## III.   Discussion

### A.   Statute of Limitations

A one year statute of limitations period applies to applications for writ of habeas corpus filed under § 2254.  That limitations period runs:

> [F]rom the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[27]

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the period of limitation.[28]

In this case, the Kansas Supreme Court denied review of Peterson's direct appeal on May 26, 2004.  Peterson then had ninety days from that date, until August 24, 2004, to file a petition for certiorari with the United States Supreme Court.[29]   Therefore, the limitations period began to run on August 25, 2004.  Peterson filed his motion to correct illegal sentence on November 22,

---

[25]*Whitney*, 113 F.3d at 1773.

[26]*E.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[27]28 U.S.C. § 2244(d)(1).

[28]*Id*. § 2244(d)(2).

[29]*See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

2004, eighty-nine days later.  The Court assumes without deciding that this motion tolled the limitations period, with 276 days left.

The clock therefore began to run again the day after the Kansas Supreme Court denied review of the motion to correct illegal sentence, on September 20, 2006.  To be timely, Peterson must have either filed his federal habeas petition or stopped the clock by filing a state habeas petition 276 days later, by June 23, 2007.  But he did not file his first motion under K.S.A. § 60-1507 until October 16, 2007, well after the limitations period expired.  Although the limitations period was tolled during the period of time that Peterson litigated his habeas petition in state court, the period had already run by the time he filed that petition.  Therefore, Peterson's petition is time-barred.

In rare and exceptional circumstances, the limitations period under the AEDPA may be subject to equitable tolling.[30]  Examples of when equitable tolling would be appropriate include, "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient."[31]  Peterson has made no effort to meet his burden of demonstrating rare and exceptional circumstances justifying equitable tolling in this case.  There is nothing in the record indicating that he is actually innocent, that uncontrollable circumstances prevented him from filing a timely petition, or that he filed a defective pleading during the limitations period.

Because Peterson did not file his federal habeas petition within the one-year statute of limitations provided in § 2244(d), and he does not qualify for equitable tolling, Peterson's petition must be denied.

---

[30]*See, e.g.*, *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

[31]*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)

### B.      Exhaustion and Procedural Default

A federal court may not grant a writ of habeas corpus unless, pursuant to 28 U.S.C. §

2254(b)(1), the petitioner has exhausted the available state court remedies.[32]  Under the

exhaustion doctrine, "[a petitioner] must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process."[33]  Therefore, "any claims not included in a petition for discretionary review are

unexhausted."[34]  Ordinarily, when a petitioner does not bring claims to the state's highest court, a

claim is unexhausted.[35]  However, if a petitioner's claims are barred under state law and it is too

late to pursue relief in state court, a claim will be deemed exhausted because there are no state

remedies available to the petitioner.[36]

Even where the claim is considered exhausted because there are no state remedies

available, the claim may be subject to dismissal for procedural default.[37]  For the court to review

a claim that has been procedurally defaulted, the petitioner must: (1) show cause for default and

actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that the

failure to consider the procedurally defaulted claim will result in a fundamental miscarriage of

justice because the petitioner "made a 'credible' showing of actual innocence."[38]  "Cause"

requires the petitioner show that some objective external factor impeded efforts to comply with

---

[32]*Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

[33]*Id.*

[34]*Id.*

[35]*Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

[36]*Verlarde v. Archuleta*, 740 F. App'x 740, 744 (10th Cir. 2016) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Coleman*, 501 U.S. at 732)).

[37]*Frost*, 749 F.3d at 1231 (quoting *Coleman*, 501 U.S. at 735 n.1).

[38]*Id.* (citations omitted).

state procedural rules.[39]  "Prejudice" requires the petitioner to demonstrate "actual prejudice as a result of the alleged violation of federal law."[40]

Peterson's ineffective assistance of counsel and denial of fair trial claims were not exhausted because Peterson voluntarily dismissed with prejudice his state court habeas petition raising these claims.  In his first habeas petition, Peterson argued that his lawyer gave him ineffective counsel with respect to waiver of the preliminary hearing and the plea agreement. Peterson also claimed that his attorney provided ineffective assistance by advising him his maximum sentence was 240 months, without advising him that he may be subject to the persistent sexual offender statute.  Here, Peterson argues in Claim 1 that his counsel was ineffective for failing to advise him regarding his preliminary hearing, and that counsel failed to advise him of the potential application of the persistent sexual offender statute.  In Claim 3, Peterson claims that he was denied his Sixth Amendment right to a fair plea hearing as a result of counsel's ineffective assistance on the sentencing issue. He claims he would have gone to trial had he understood that his sentence would not be 240 months.

Although the trial court denied Peterson's first habeas petition, the Kansas Court of Appeals reversed and remanded back to the trial court for an evidentiary hearing to determine whether Peterson understood the mandatory nature of the persistent sexual offender statute, which limited the district court's discretion to sentence him according to the plea agreement recommendation.  On remand, the district court conducted a hearing.  The judge informed Peterson that he could receive a higher sentence if his habeas petition was successful and he was allowed to withdraw his plea and go to trial.  Peterson voluntarily dismissed his petition with prejudice, precluding further review.  According to the Order of Dismissal, after advising

[39]*Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003) (citing *Coleman*, 501 U.S. at 750).

[40]*Fairchild v. Trammel*, 784 F.3d 702, 719 (10th Cir. 2015) (quoting *Coleman*, 501 U.S. at 750).

Peterson of the original charges and the original maximum sentence, the trial judge recessed court and allowed time for Peterson to dismiss the matter with his appointed counsel.[41]  After the recess, Peterson, who was under oath, and his counsel, asked that the habeas petition be dismissed with prejudice.[42]  The court advised Peterson of the "procedural and substantive bars that will prohibit re-litigation of the issues remanded for evidentiary hearing," and Peterson advised that he was making "a knowing, intelligent and voluntary decision," to voluntarily dismiss the petition with prejudice.[43]  The Court agrees that Peterson's voluntary dismissal bars relitigation of these claims in his federal habeas petition.  Exhaustion is intended to give the state courts a full and fair opportunity to resolve constitutional claims before presenting them to federal court for review.[44]  The state court never resolved these issues because Peterson requested that the petition be dismissed before the issues on remand could be fully and fairly heard and decided.

Reading the petition and the record liberally, perhaps Peterson argues that he can show good cause and actual prejudice because the trial judge gave him incorrect advice about his potential sentence if the plea was withdrawn—the same argument he made in support of allowing his second or successive petition to proceed.  However, Peterson fails to assert facts sufficient to establish good cause and actual prejudice.  As the Kansas Court of Appeals found, Peterson cannot show that the trial judge's advice was incorrect.[45]  Further, even if the trial judge gave Peterson incorrect information, this information did not impede Peterson's efforts to comply with state procedural rules.  In fact, he attempted to file a second or successive state

---

[41]Doc. 17-1.

[42]*Id.*

[43]*Id.*

[44]*See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

[45]*Peterson v. Kansas*, No. 108,848, 2013 WL 5975998, at *2 (Kan. Ct. App. Nov. 8, 2013).

court petition, which was denied on the basis that there were neither exceptional circumstances justifying a hearing on his second attempt, nor manifest injustice if a hearing was not provided.[46]

Peterson's due process claim under the Fourteenth Amendment also fails because he never raised it in state court.  The doctrine of procedural default prevents state prisoners from circumventing the exhaustion requirement by requiring them to give state courts a "full and fair opportunity to resolve the claim."[47]  In this case, Peterson did not give state courts the opportunity to resolve his claim because he never raised it in state court.  Therefore, Peterson's due process claim is also barred by the doctrine of procedural default.

And Peterson has not made a showing that would support avoidance of the procedural bar in this case.  There is no evidence of any outside influence that prevented Peterson from raising his due process claim in state court, or that required him to voluntarily dismiss his original state habeas petition.  Peterson also cannot show a fundamental miscarriage of justice because he alleges no facts suggesting he is factually innocent.  Therefore, even if Peterson had timely filed his federal habeas petition, his claims are barred by the doctrine of procedural default.

## IV.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[48]  If a petition is dismissed on procedural grounds, "a COA cannot issue unless the petitioner shows both (1) 'that jurists of reason would find it

---

[46]*Id.*

[47]*See O'Sullivan*, 526 U.S. at 848 (explaining procedural default doctrine preserves the integrity of the exhaustion doctrine).

[48]28 U.S.C. § 2253(c)(2).

debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"[49]  The Court has dismissed Peterson's habeas petition on purely procedural grounds.  The Court finds that reasonable jurists would not find it debateable whether this Court's procedural rulings were correct, and the Court therefore denies a COA as to its ruling on the § 2254 motion.

      **IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc. 4) filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

      **IT IS SO ORDERED.**

     Dated: December 19, 2016

                                     S/ Julie A. Robinson
                                     JULIE A. ROBINSON
                                     UNITED STATES DISTRICT JUDGE

---

[49] *Frost v. Pryor*, 749 F.3d 1212, 1230–31 (10th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).